No. 76,330

In the Matter of PHILIP D. GORDON, *Respondent*.

(925 P.2d 840)

Opinion filed October 25, 1996.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Mark F. Anderson*, disciplinary administrator, was with him on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This is an uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Philip D. Gordon of Valley Falls, an attorney admitted to the practice of law in Kansas. The complaint filed against respondent alleged violation of Model Rules of Professional Conduct (MRPC) 1.1 (1995 Kan. Ct. R. Annot. 251) (competency); 1.2 (1995 Kan. Ct. R. Annot. 255) (representation of client); 1.3 (1995 Kan. Ct. R. Annot. 257) (diligence); 1.4 (1995 Kan. Ct. R. Annot. 263) (communication with client); 8.1 (1995 Kan. Ct. R. Annot. 338) (false material statement); and 8.4 (1995 Kan. Ct. R. Annot. 340) (misconduct); and Supreme Court Rule 207 (1995 Kan. Ct. R. Annot. 202) (grounds for discipline).

The facts may be summarized as follows. Christopher and Glenda Mills experienced financial problems which led them to consult with respondent in August 1992 relative to the possible institution of bankruptcy proceedings. Mr. Mills expressed a desire to retain his truck as it was his only means of transportation to and from work. On August 17, 1992, respondent filed a Chapter 13 bankruptcy on behalf of his clients. His representation was deficient in a number of respects. The hearing panel found:

"3. . . . In connection with this filing, Respondent was required to send out notice of the bankruptcy plan. Respondent failed to notice up the plan prompting the Bankruptcy Trustee, William Griffin, to send the notice.

"4. Subsequent to the bankruptcy filing, Mr. Mills attempted, on several occasions, to contact Respondent. Mr. Mills was unsuccessful, due in large part to Respondent's failure to return Mr. Mills' telephone calls.

"5. On September 25, 1992, the Chapter 13 Bankruptcy Trustee moved to dismiss the Mills' action because Respondent failed to provide income verification, failed to notice up the plan and failed to file an affidavit regarding Mrs. Mills' failure to appear at a prior hearing. Respondent compounded these omissions by failing to appear at a hearing set to resolve these issues, leaving his clients, who did appear, without representation.

"6. On November 5, 1992, the Bankruptcy Trustee forwarded correspondence to Respondent informing him of his clients' appearance at the September 25, 1992 [hearing]. In this correspondence, the Trustee expressed his surprise at the Judge's failure to dismiss the case. The Trustee admonished Respondent that if he failed to comply with the Rules of Procedure, he would move to disallow all attorneys fees and reset the first meeting of the creditors. The Trustee further indicated that he would move for appointment of other counsel to represent the Mills. Respondent acted with indifference.

"7. On November 9, 1992, the Bankruptcy Judge ordered Respondent's attorney fees reduced for failure to prepare notice of the plan.

"8. In February 1993, Columbia Savings Association, the institution holding the security interest in the Mills' truck, filed a Motion and Memorandum for Relief from Stay. In its Motion, Columbia claimed that the Mills' truck was uninsured, and, pursuant to Local Bankruptcy Rules, sought to take possession of the vehicle. Columbia, however, was mistaken. The Mills did have insurance on the vehicle. Unfortunately, Respondent failed to reply to Columbia's Motion, failed to inspect the allegations of Columbia, and failed to communicate to his clients the allegations of Columbia. As a result of Respondent's multiple failures, the Mills' truck was foreclosed and repossessed. Mr. Mills relates that he drove the truck to work one day and at the end of his shift returned to the lot only to find his truck missing.

"9. In March of 1994, without consulting with his client, Respondent converted the Mills' Chapter 13 Bankruptcy to Chapter 7. Prior to initiating this change, Respondent failed to explore alternatives to this conversion, failed to advise his clients of the conversion, and failed to explain to his clients the impact of the consequences of such an action. . . .

. . . .

"12. Respondent's mishandling of the Mills' action continued throughout the Chapter 7 proceeding prompting Darcy D. Williamson, Chapter 7 Bankruptcy Trustee, to conduct her own inquiry. Ms. Williamson's inquiry revealed that the Chapter 7 bankruptcy was being mishandled in much the same manner as the Chapter 13 bankruptcy. Consequently, Ms. Williamson contacted the Disciplinary Administrator's Office.

. . . .

"14. As a result of the acts and omissions of Respondent, the Mills terminated Respondent's employment on March 31, 1994. Shortly thereafter, the Disciplinary Administrator conducted an investigation. John R. Bullard headed the investigation. Mr. Bullard attempted to contact the Respondent by letter and by telephone. Mr. Bullard's efforts were met with indifference. Respondent failed to contact Mr. Bullard and failed to cooperate in the investigation.

"15. Respondent's indifference continued throughout this proceeding. Respondent, although duly noticed, failed to appear as requested and failed to file a timely Answer to the Complaint."

The panel further found that respondent's mishandling of the Mills' proceeding caused the clients economic damage, as follows:

| | |
|---|---|
| Loss of Kansas tax refund | $ 180.00 |
| Loss of federal tax refund | 1,361.14 |
| Loss of the vehicle | 6,000.00 |
| Additional attorney fees | 500.00 |
| Loss of opportunity to discharge medical expenses | 700.00 |
| Total | $8,741.14 |

Based upon these findings of fact, the hearing panel then concluded that respondent was guilty of each of the charged violations of the MRPC and Supreme Court Rule 207.

The hearing panel's report then makes the following analysis and recommendations:

"The Respondent has a record of prior discipline. The Respondent was indefinitely suspended from the practice of law in the State of Kansas effective December 8, 1995. [In re Gordon, 258 Kan. 784, 908 P.2d 169 (1995)]. The Respondent's history, coupled with the separate instances of aggregated neglect revealed by the facts in this case, establishes an egregious pattern which warrants public discipline.

"The Respondent's December 8, 1995, indefinite suspension was for the very sort of misconduct presented in this case. In fact, the misconduct presented in this case occurred during the same time period of the offenses which led to Respondent's indefinite suspension. Given these considerations, Respondent has requested that this action be consolidated with the prior action.

## "RECOMMENDED SANCTIONS

"The members of the panel, having found by clear and convincing evidence that the Respondent violated the Kansas Rules of Professional Conduct as set forth above and based upon our evaluation of the evidence in aggravation and

mitigation, do hereby recommend that the Respondent be suspended indefinitely from the practice of law and that the reinstatement be contingent upon restitution to the Mills in the amount of $8,741.14."

We hold that the findings and conclusions of the hearing panel are supported by clear and convincing evidence, with one exception. That exception is the $700 designated as loss of opportunity to discharge medical expenses. We concur that this case should be consolidated with the prior action filed December 8, 1995. We conclude, however, that the appropriate discipline is disbarment, which shall be deemed to have commenced on December 8, 1995, for purposes of computing reinstatement eligibility under Supreme Court Rule 219(e) (1995 Kan. Ct. R. Annot. 229).

IT IS THEREFORE ORDERED that Philip D. Gordon be and he is hereby disciplined for violations of MRPC 1.1, 1.2, 1.3, 1.4, 8.1, and 8.4, and Supreme Court Rule 207.

IT IS FURTHER ORDERED that Philip D. Gordon be and he is hereby disbarred from the practice of law in the State of Kansas, effective December 8, 1995, and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Philip D. Gordon from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that Philip D. Gordon shall make restitution to the injured clients in the amount of $8,041.14, plus interest, prior to the filing of any petition for reinstatement pursuant to Supreme Court Rule 219.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to respondent, and that respondent shall comply with Supreme Court Rule 218 (1995 Kan. Ct. R. Annot. 222).